UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **REGIONS BANK,** <br>     **PLAINTIFF** <br><br> **V.** <br><br> **BOBO TIMBER, LLC, MARK ALAN BOBO &** <br> **MICAH TAYLOR BOBO,** <br>     **DEFENDANTS** | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **CIVIL ACTION NO. _____** |

### REGIONS BANK'S ORIGINAL COMPLAINT

Regions Bank files this complaint against Bobo Timber, LLC, Mark Alan Bobo, and Micah Taylor Bobo to recover damages arising from their failure to repay a commercial loan.

### PARTIES & SERVICE

#### Regions Bank: An Alabama Citizen

1. Regions Bank is a bank organized and existing under the laws of the State of Alabama with its principal place of business in Birmingham, Alabama. Pursuant to 28 U.S.C. § 1332(c), Regions Bank is a citizen of the State of Alabama.

#### Bobo Timber: A Texas Citizen

2. Bobo Timber, LLC is a Texas limited liability company with its principal place of business in Nacogdoches County, Texas. Bobo Timber has two members:

   a. Micah Taylor Bobo, its managing member; and

   b. Mark Alan Bobo, its member.

3. The managing member, Micah Taylor Bobo, is an individual Texas citizen residing at 15773 W State Highway 21, Douglass, Texas 75943.

4. The other member, Mark Alan Bobo, is an individual Texas citizen residing at 15773 W State Highway 21, Douglass, Texas 75943.

5. Upon information and belief, Ms. Bobo and Mr. Bobo are the only members of Bobo Timber.

6. Accordingly, Bobo Timber is a Texas citizen.

7. Regions Bank obtained the information on Bobo Timber's membership through research of Texas Secretary of State records and review of loan documents submitted to Regions Bank. Regions Bank has found no information to suggest that any Bobo Timber member is an Alabama citizen.

8. Bobo Timber may be served through its registered agent, Mark Bobo, at 15773 W State Highway 21, Douglass, Texas 75943.

**Mark & Micah Bobo: Texas Citizens**

9. Mark Alan Bobo is an individual Texas citizen residing in Nacogdoches County. He may be served at 15773 W State Highway 21, Douglass, Texas 75943, or wherever he may be found.

10. Micah Taylor Bobo is an individual Texas citizen residing in Nacogdoches County. She may be served at 15773 W State Highway 21, Douglass, Texas 75943, or wherever she may be found.

11. Because no defendants are Alabama citizens, complete diversity exists. If contested, Regions Bank requests immediate jurisdictional discovery to establish the citizenship of any alleged non-public members of Bobo Timber, LLC.

## JURISDICTION & VENUE

12. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy is between a plaintiff and defendants of different states.

13. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) because all defendants are Texas citizens residing in this judicial district.

## FACTUAL BACKGROUND

### *Execution of the Note & the Guaranties*

14. On November 21, 2014, Regions Bank made a loan to Bobo Timber, LLC ("Borrower") evidenced by a promissory note in the original principal amount of $215,000.00 ("Note"), attached as Exhibit 1.

15. To induce Regions Bank to provide the loan, Mark Alan Bobo and Micah Taylor Bobo ("Guarantors") each signed commercial guaranties ("Guaranties"). In their respective Guaranty, attached as Exhibits 2 & 3, Guarantors "absolutely and unconditionally" guaranteed full and punctual payment and satisfaction of the indebtedness under the Note from Borrower to Regions Bank when that debt became due and payable.

16. Each Guaranty makes Guarantors liable for the full amount of Borrower's obligations under the Note:

> Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. . . .
>
> Guarantor will make any payments to Lender or its order, on demand, in legal tender of the United States of America, in same-day funds, without set-off or deduction or counterclaim, and will otherwise perform Borrower's obligations under the Note and Related Documents. Under this Guaranty, Guarantor's liability is unlimited and Guarantor's obligations are continuing. (Exs. 2 & 3).

17. Each Guaranty also contains waiver provisions that negate certain conditions and defenses to enforcement. (Exs. 2 & 3).

### *Borrower and Guarantors Default on Their Obligations*

18. The Note matured on November 11, 2017, but Borrower failed to pay the debt at maturity. Borrower's failure constitutes a default under the Note.

19. Borrower's default under the Note triggered Guarantors' obligations under their respective Guaranty.

20. Despite their obligations under the Note and the Guaranties ("Loan Documents"), Borrower and Guarantors have failed to make the required payments.

**Regions Bank's Demand**

21. Regions Bank demanded that Borrower and Guarantor meet their obligations by letter dated March 6, 2020 and attached as Exhibit 4 ("Demand").

22. The Demand notified Borrower and Guarantors of their failure to make the required payments and informed them of the opportunity to cure by March 20, 2020. (Ex. 4). The Demand also notified Borrower and Guarantors that, should they fail to cure the defaults, Regions Bank would pursue enforcement of the debt. (Ex. 4.).

23. Regions Bank mailed the Demand by first class mail to the address provided in the Loan Documents.

24. Borrower and Guarantors failed to respond to the Demand or to cure the defaults.

25. As of February 18, 2020, a balance of $253,742.91 was due under the Note and the Guaranties, excluding certain costs, expenses, and attorneys' fees recoverable under the Loan Documents.

26. The outstanding balance excludes certain costs, expenses, and attorneys' fees recoverable under the Loan Documents. The balance also excludes future interest charges, at the default interest rate.

27. All conditions precedent to Regions Bank's recovery under the Loan Documents have occurred.

## CLAIMS

### Count One: Breach of Note (against Borrower)

28. The Note constitutes a valid and legally enforceable contract between Borrower and Regions Bank.

29. Borrower signed the Note.

30. Regions Bank is the owner and holder of the Note.

31. A balance is due under the Note.

32. All conditions precedent to Regions Bank's recovery under the Note have occurred.

### Count Two: Breach of Guaranties (against Guarantors)

33. Each Guaranty constitutes a valid and legally enforceable contract between Mr. Bobo, Ms. Bobo, and Regions Bank.

34. Regions Bank is the owner and holder of Mr. Bobo's and Ms. Bobo's Guaranties.

35. The Note contains the obligations underlying Mr. Bobo's and Ms. Bobo's Guaranties.

36. Borrower's failure to remedy its breach of the Note triggered Mr. Bobo's and Ms. Bobo's obligations under their respective Guaranty.

37. Despite Regions Bank's demand for payment, Mr. Bobo and Ms. Bobo breached their obligations under their Guaranties by, among others, failing or refusing to make the required payment.

38. As an actual and proximate result of Mr. Bobo's and Ms. Bobo's breach, Mr. Bobo and Ms. Bobo are indebted to Regions Bank for the debt remaining due and owing on the Note.

39. After all just and lawful offsets, credits, and payments, Mr. Bobo and Ms. Bobo are indebted to Regions Bank in the total amount of $253,742.91 as of February 18, 2020, plus Regions Bank's reasonable and necessary attorneys' fees, costs of court, and pre- and post-judgment interest recoverable under Mr. Bobo's and Ms. Bobo's Guaranties.

40. All conditions precedent to Regions Bank's recovery under Mr. Bobo's and Ms. Bobo's Guaranties have occurred.

### Count Three: Attorneys' Fees (against all Defendants)

41. Pursuant to the terms of the Loan Documents, Regions Bank is entitled to recover its reasonable and necessary attorneys' fees and expenses related to enforcement of those agreements.

### PRAYER

42. For these reasons, Regions Bank asks for joint-and-several judgments against Bobo Timber, LLC, Mark Alan Bobo, and Micah Taylor Bobo for Regions Bank's actual damages, pre- and post-judgment interest, attorneys' fees and expenses. Regions Bank also asks for all other relief to which it is entitled.

Respectfully submitted,

**JOHNSTON CLEM GIFFORD PLLC**

By: s/David M. Clem
   **David M. Clem**
   dclem@johnstonclem.com
   Texas Bar No. 24050428

   **Ekaterina G. Long**
   Texas Bar No. 24102700
   klong@johnstonclem.com

1717 Main Street, Suite 3000
Dallas, Texas 75201
(214) 974-8000 Main
(972) 474-1717 D. Clem Direct

**Attorneys for Regions Bank**